UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MOUSSA SOULEMANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| TYSON FOODS, INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, MOUSSA SOULEMANE, by and through his attorney, Michael W. Halpin, of McCarthy, Callas & Feeney, P.C., and for his Complaint states as follows:

1. This is an action which arises under the Family Medical Leave Act (FMLA), 29 USC §2601 et seq., and claims damages in excess of $15,000.00 exclusive of fees and costs.

2. This Court has jurisdiction to hear these claims.

3. Plaintiff is an individual and also was an "eligible employee," within the meaning of the FMLA, at all times relevant to this Complaint, working at the Defendant's processing plant located at 28424 38th Ave N, Hillsdale, IL 61257.

4. Defendant was an "employer," within the meaning of the FMLA, at all times relevant to this Complaint.

5. Defendant was both engaged in commerce or in an industry or activity affecting commerce, and employed more than 50 employees for each

working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

6. At the time of the incidents relevant hereto, Plaintiff was employed by Defendant at its business location in Hillsdale, IL for about 12 years.

7. Since 2017, Plaintiff has suffered from a medical condition that affects his breathing. Under normal conditions, he is able to work without restrictions. However, on or about April 6, 2020, Plaintiff was advised by his physician, Dr. Thomas Ade, that due to Plaintiff's health condition, it was in Plaintiff's best interest not to wear a mask at work, which was a work requirement due to the COVID-19 pandemic. Dr. Ade prepared a note for Plaintiff's employer, also dated April 6, 2020, originally anticipating a return to work two weeks from that date.

8. On April 20, 2020, Plaintiff again visited Dr. Ade regarding his condition. Dr. Ade prepared a second note, this time indicating that Plaintiff would be unable to work for an additional four weeks.

9. After the April 4, 2020, doctor appointment, Plaintiff applied with Defendant for leave under the FMLA.

10. Defendant contracts with Unum, a trademark of Unum Group, a corporation registered in the State of South Carolina, in the business of providing insurance, to process Defendant's employees' FMLA claims.

11. By letter dated May 6, 2020, Unum approved Plaintiff's FMLA request retroactively, effective April 6, 2020, through May 29, 2020. A copy of this letter is attached as Exhibit A.

12. As the end of his leave approached, Plaintiff applied to extend his leave.

13. Unum approved Plaintiff's extension of leave from May 30, 2020, through June 28, 2020.

14. On information and belief, Unum, Defendant's agent for processing FMLA requests, failed to notify Defendant that Plaintiff's extended leave was approved.

15. On June 24, 2020, Plaintiff received a notice from Karina Arcos, an employee in Defendant's human resources department, indicating that he was supposed to return to work.

16. Plaintiff called Ms. Arcos that same day, June 24, to remind her that he had submitted an extension of FMLA through July 6, 2020, according to his doctor.

17. On June 24, 2020, and June 25, 2020, Plaintiff sent Ms. Arcos copies of his FMLA documents by email, from two different email addresses.

18. Plaintiff also contacted Ms. Arcos by phone on June 25, to confirm Ms. Arcos received the emails. Ms. Arcos confirmed she received the emails and she intended to update the information with Unum.

19. Defendant uses a "point" system for disciplinary action. Three points are assigned to an employee for each shift that is a "no call" unexcused absence.

20. Despite having been notified by Plaintiff that his FMLA had been extended, and despite Plaintiff forwarding document to Ms. Arcos, Defendant assigned three points on June 23, 24, 25 26, and 27, for a total of 15 points, which is over the threshold for termination of an employee.

21. On June 29, 2020, Defendant informed Plaintiff that he had been terminated.

22. Later, Unum confirmed, by letter dated July 29, 2020, that Plaintiff had been approved for FMLA leave through June 28, 2020. A copy of said letter is attached hereto as Exhibit B.

23. On June 29, 2020, Plaintiff was willing to return to work and could have returned to work.

## COUNT I – FMLA INTERFERENCE

24. Plaintiff restates and realleges Paragraphs 1-23 above as if fully set forth herein.

25. The FMLA provides employees with the right to be reinstated to the same or an equivalent position after taking protected leave.

26. The Defendant violated the FMLA by refusing to reinstate Plaintiff to his prior position or to an equivalent position with substantially similar work and compensation upon Plaintiff's return to work, and terminating Plaintiff.

27. Defendant interfered with, restrained, and/or denied Plaintiff's exercise of his rights under the FMLA by refusing his attempt to be reinstated to his full-time position or a reasonably equivalent full-time position.

28. Defendant's failure to timely coordinate with its designated agent for processing FMLA claims is both a violation of the FMLA and estopps Defendant from claiming Plaintiff's FMLA leave ran (or expired) on a date earlier than June 23, 2020.

29. Defendant knew or should have known that its designated agent for processing FMLA claims had already approved Plaintiff's extension of FMLA benefits.

30. That the disciplinary points assigned to Plaintiff by Defendant were the direct result of Defendant's failure to coordinate with Unum, its own designated agent for processing FLMA claims.

31. Plaintiff took every reasonable action to provide Defendant notice that his FMLA leave had been extended, despite it being Defendant's own agent that had approved the extension to June 28, 2020, and despite it being Defendant's obligation to maintain adequate records regarding its employees' FMLA benefits.

## COUNT II – FMLA RETALIATION

32. Plaintiff restates and realleges Paragraphs 1-23 above as if fully set forth herein.

33. Plaintiff was diagnosed with a condition entitling him to leave under the FMLA, specifically, a lung condition preventing him from wearing a face mask during work.

34. Plaintiff's condition was a serious health condition, which required continuing treatment by a health care provider.

35. Plaintiff gave appropriate notice of his need to be absent from work. Specifically, Plaintiff provided notes from his doctor, Thomas Ade, prior to and during his FMLA leave. Plaintiff's notification was made as soon as practicable after he learned of the need for leave.

36. Prior to Plaintiff's return from leave, Defendant terminated Plaintiff's employment on June 29, 2020.

37. Plaintiff's initial application for, and use of, FMLA benefits was a motivating factor in its decision to terminate Plaintiff's employment.

38. Defendant made the decision to terminate Plaintiff without due diligence in confirming Plaintiff's status with Unum.

39. Defendant began assigning "points" to Plaintiff's personnel file even prior to contacting Plaintiff about its intent to do so, and continued to do so even after he provided evidence of his continuing medical condition and eligibility for extended leave.

40. Any reliance by Defendant on such attendance points is mere pretext, and Plaintiff's use of FMLA benefits was a determining factor in Plaintiff's termination.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

a. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. § 2617(a)(1)(A)(ii).

b. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii).

c. Equitable relief in the form of reinstatement or front pay, as the Court deems appropriate, pursuant to 29 U.S.C.A. § 2617(a)(1)(B).

d. Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C.A. § 2617(a)(3), and such other relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

The Plaintiff demands a trial by jury on all issues so triable.

                MOUSSA SOULEMANE, Plaintiff

By:    /s/ Michael W. Halpin
         Michael W. Halpin
         Attorney for Plaintiff
         McCarthy, Callas & Feeney, P.C.
         329 18th Street
         Rock Island, IL 61201
         (309) 788-2800
         mhalpin@mcfe-law.com