UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MOUSSA SOULEMANE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:21-cv-04066-SLD-JEH |
| TYSON FRESH MEATS, INC.,[1] | ) ) ) |
| Defendant. | ) ) |

ORDER

Before the Court is Defendant Tyson Fresh Meats, Inc.'s motion to dismiss, ECF No. 7. For the following reasons, the motion is DENIED.

**BACKGROUND**[2]

Plaintiff Moussa Soulemane was employed at all relevant times by Defendant in Hillsdale, Illinois. Since 2017, Plaintiff has suffered from a lung condition that affects his breathing. Under normal conditions, he can work without restrictions.

Due to the COVID-19 pandemic, Defendant implemented a mask requirement. On or about April 6, 2020, Plaintiff visited his physician, Dr. Thomas Ade, who advised Plaintiff that because of his condition it was in his best interest not to wear a mask at work.[3] Ade prepared a note for Defendant dated April 6, 2020, anticipating Plaintiff would return to work two weeks

---

[1] Although Plaintiff names "Tyson Foods, Inc." as Defendant, Defendant indicates its actual name is Tyson Fresh Meats, Inc. *See* Mot. Dismiss 1, ECF No. 7; Mem. Supp. Mot. Dismiss 1, ECF No. 8. The Clerk is directed to update the docket accordingly.
[2] At the motion to dismiss stage, the court "accept[s] as true all well-pleaded facts in the complaint, and draw[s] all reasonable inferences in [the plaintiff's] favor," *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016), so this factual background is drawn from the Complaint, ECF No. 1.
[3] Because Plaintiff states in subsequent allegations that he "again visited Dr. Ade" and applied for leave "[a]fter the April 4, 2020, doctor appointment," Compl. 2, it is reasonable to infer that Ade made his initial advisement to Plaintiff during an in-person visit in early April 2020.

1

from that date.  On April 20, 2020, Plaintiff again visited Ade regarding his condition.  Ade prepared a second note indicating Plaintiff would be unable to work for four additional weeks.

After the first appointment with Ade, Plaintiff applied with Defendant for leave pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601–2654.  Defendant contracts with an entity called Unum to process FMLA requests from its employees.  In a letter dated May 6, 2020, Unum retroactively approved Plaintiff's first leave request, authorizing leave from April 6, 2020 through May 29, 2020.  Later, Plaintiff applied to extend his leave.  Unum issued a second retroactive approval on June 29, 2020, authorizing leave from May 30, 2020 through June 28, 2020.

On June 24, 2020, Plaintiff received a notice from Karina Arcos, a human resources employee of Defendant's, indicating that he needed to return to work.  Plaintiff called Arcos to remind her he had submitted an FMLA leave extension request.  Plaintiff also emailed Arcos copies of his FMLA documents, which Arcos confirmed she received.

Defendant uses a point system for disciplinary action; each unauthorized absence is three points.  Plaintiff received points for five absences from June 23, 2020 through June 27, 2020, resulting in a point total exceeding Defendant's termination threshold.  On June 29, 2020, Plaintiff was terminated.

Plaintiff filed this action on April 13, 2020, bringing one count of FMLA interference and one count of FMLA retaliation against Defendant.  Compl. 4–6, ECF No. 1.  Defendant now moves to dismiss both counts pursuant to Federal Rule of Civil Procedure 12(b)(6).  Mot. Dismiss 1.

## DISCUSSION

I. **Legal Standard**

A complaint must contain a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party may move to dismiss a complaint if it fails to state a claim upon which relief can be granted. *Id.* 12(b)(6). To analyze the sufficiency of a complaint, courts "must construe it in the light most favorable to the plaintiff, accept well-pleaded facts as true, and draw all inferences in the plaintiff's favor." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014). A court must "determine whether [the complaint's well-pleaded factual allegations] plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These allegations must "raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quotation marks omitted); *see also Carlson*, 758 F.3d at 826–27 ("A claim must be plausible rather than merely conceivable or speculative, . . . meaning that the plaintiff must include enough details about the subject-matter of the case to present a story that holds together." (citations and quotation marks omitted)).

II. **Analysis**

A plaintiff must prove five elements to prevail on a FMLA interference claim: "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Burnett v. LFW Inc.*, 472 F.3d 471, 477 (7th Cir. 2006).[4] And an underlying entitlement to FMLA leave is necessary

---

[4] Defendant presents these elements as pleading requirements for an interference claim. *See* Mem. Supp. Mot. Dismiss 3 ("To *plead* an actionable claim of FMLA interference, . . . ." (emphasis added)). But both of Defendant's cited cases involve summary-judgment appeals, with neither supporting Defendant's assertion. *See Brown v. Auto. Components Holdings, LLC*, 622 F.3d 685, 689 (7th Cir. 2010) ("To *prevail* on an FMLA-interference claim, . . . ." (emphasis added)); *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009) (also using the word "prevail"). As one court in this circuit recently observed, conflating the motion-to-dismiss and summary-judgment standards in FMLA

to succeed on a FMLA retaliation claim. *See Pagel v. TIN Inc.*, 695 F.3d 622, 631 (7th Cir. 2012) ("To succeed [on a retaliation claim], [a plaintiff] must of course be entitled to FMLA benefits . . . ."). Accordingly, Defendant contends Plaintiff's interference and retaliation claims must be dismissed because Plaintiff has failed to plead a requisite element of both: that he suffers from a "serious health condition" such that he is entitled to FMLA leave. *See* Mem. Supp. Mot. Dismiss 1, 3–6, ECF No. 8.

"An employee is entitled to FMLA leave if (1) he is afflicted with a 'serious health condition' and (2) that condition renders him unable to perform the functions of his job." *Burnett*, 472 F.3d at 477–78 (quoting 29 U.S.C. § 2612(a)(1)(D)). A "serious health condition" involves either inpatient care in a hospital, hospice, or residential medical care facility or "continuing treatment by a health care provider." 29 U.S.C. § 2611(11). The FMLA's implementing regulations describe multiple factual scenarios constituting a serious health condition involving continuing treatment by a health care provider, including specific definitions for pregnancy and prenatal care; chronic conditions; permanent and long-term conditions; and conditions requiring multiple treatments. *See* 29 C.F.R. § 825.115(a)–(f). Most relevant here, continuing treatment by a health care provider can include "conditions that require examinations and evaluations over a period of time." *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009) (citing 29 C.F.R. § 825.115).

Defendant argues Plaintiff's Complaint falls short because Plaintiff does not "allege any facts demonstrating that his physician was treating him for [his] breathing ailment." Mem. Supp. Mot. Dismiss 4. Defendant contends that "[c]onclusory allegations . . . in which the plaintiff

---

cases is not uncommon. *See Winchester v. Ryder Integrated Logistics, Inc.*, Case No. 19-CV-01356-NJR, 2020 WL 4784757, *2–4 (S.D. Ill. Aug. 18, 2020). Accordingly, when briefing motions to dismiss, parties are urged to cite summary-judgment decisions sparingly, if at all, and not without analysis of those cases' relevance and application.

fails to assert he was actually being *treated* for his condition . . . are insufficient to state a viable claim of FMLA interference." *Id.* But the cases Defendant cites in support of that contention involve factual allegations that are far sparser than Plaintiff's or are otherwise inapposite. In *Jackson v. Dakkota Integrated Systems, LLC*, the plaintiff alleged that she "called off work to see her physician regarding treatment for a serious health condition" but made no allegations about that condition. Case No. 1:14-cv-06384, 2015 WL 1138565, at *2 (N.D. Ill. Mar. 10, 2015) (quotation marks omitted). Similarly, the plaintiff in *Smith v. Aptar Group, Inc.* included no allegations regarding any health condition. No. 12 C 8630, 2013 WL 655523, at *4 (N.D. Ill. Feb. 21, 2013) ("The complaint simply states that Aptar failed to give Smith her proper FMLA credits and by doing so intentionally denied Smith her benefits provided under the FMLA."). The court in *Dormeyer v. Comerica Bank - Illinois* considered the unique situation of prenatal care and concluded the plaintiff's complaint was deficient because it was unclear whether the plaintiff actually received prenatal care; the plaintiff's complaint only alleged she had been pregnant and contained a footnote asserting prenatal care was a serious health condition. No. 96 C 4805, 1997 WL 403697, at *3 (N.D. Ill. July 15, 1997). And *Guzman v. Brown County* concerns a summary-judgment decision. 884 F.3d 633, 636 (7th Cir. 2018); *see Carlson*, 758 F.3d at 827 (admonishing the district court for "rel[ying] on summary judgment decisions that addressed not the content of complaints but the evidence needed to take a claim to a jury," which "signaled accurately that the court had applied too demanding a standard"); *see also Marsden v. Kishwaukee Cmty. Coll.*, Case No. 3:19-cv-50334, 2021 WL 5356761, at *6 n.6 (N.D. Ill. Nov. 17, 2021) ("In memoranda supporting or opposing a motion to dismiss, cases that were decided on summary judgment (or on appeal of summary judgment) are only moderately helpful because of the differing standards.").

Here, Plaintiff's factual allegations are more substantial: He indicates the type of condition he has (lung); a symptom of that condition (affecting his breathing); and a relatively recent year of diagnosis (2017). Compl. 2, 5. Further, he alleges he visited his physician regarding his condition twice in April 2020. *Id.* at 2. While discovery may vindicate Defendant's assertion that Plaintiff's physician "did little more than issue two 'get out of work' notes at Plaintiff's request," Mem. Supp. Mot. Dismiss 4, an inference that Plaintiff obtained examinations, evaluations, or other types of treatment at those visits is just as readily drawn. When deciding on a motion to dismiss, the Court must credit the inference favorable to Plaintiff. *See Carlson*, 758 F.3d at 826.

Also persuasive to the Court is Plaintiff's argument that because he has alleged both his FMLA requests were approved, he has alleged facts showing that Defendant has admitted he suffers from a serious health condition. *See* Resp. Mot. Dismiss 3–4, ECF No. 10. The Court wishes Plaintiff would have offered more substantial support for this argument, particularly where Defendant has identified a somewhat useful case, *see* Mem. Supp. Mot. Dismiss 5, though with distinguishable facts. In *Bucks v. Mr. Bults, Inc.*, the plaintiff alleged his work injury—he had fallen from a trailer—was a serious health condition; the employer moved to dismiss his FMLA retaliation claim, arguing the condition was insufficiently pleaded. 218 F. Supp. 3d 776, 777–80 (S.D. Ill. 2016). In response, the plaintiff argued that "an employer who grants FMLA leave is equitably estopped from later asserting lack of eligibility for said leave when defending a claim of retaliation." *Id.* at 780. The court found merit in the argument but also found the plaintiff never actually alleged his employer approved the leave. *See id.* at 781. Here, Plaintiff has made the requisite allegations. Compl. 2; *see also* May 6, 2020 FMLA Letter, Compl. Ex. A,

6

ECF No. 1-1 (approving Plaintiff's first FMLA request); July 29, 2020 FMLA Letter, Compl. Ex. B., ECF No. 1-2 (approving Plaintiff's second FMLA request).

The Court finds that Plaintiff's allegations that he was twice approved for FMLA leave sufficiently plead his entitlement to leave under the FMLA: If nothing else, the allegation that Plaintiff's requests were successful prompts the reasonable inference he qualified for benefits. *See Fath v. Heritage Valley Med. Grp.*, Civil Action No. 2:12-cv-00989, 2013 WL 433040, at *2–3 (W.D. Pa. Feb. 1, 2013) (inferring, from the fact that the defendant had twice certified the plaintiff's mother's serious health condition in approving the plaintiff's FMLA leave, that the mother indeed had a serious health condition); c*f. Jones v. Maywood Melrose Park Broadview Sch. Dist. 89*, Case No. 16-cv-09652, 2017 WL 2936709, at *3 (N.D. Ill. July 10, 2017) ("[The] [p]laintiff alleges that he was entitled to, applied for, and was approved for FMLA leave. That allegation suffices to plead that [the] [p]laintiff is an eligible employee."). And because Plaintiff's FMLA leave was twice approved, it is similarly difficult for Defendant "to effectively argue that it is not on notice as to the nature of the claims against it." *See Fath*, 2013 WL 433040, at *3.

## CONCLUSION

Accordingly, Defendant Tyson Fresh Meats, Inc.'s motion to dismiss, ECF No. 7, is denied. Defendant's answer is due February 10, 2022. *See* Fed. R. Civ. P. 12(a)(4)(A).

Entered this 27th day of January, 2022.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE